UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DEANDRE JOHNSON, #20182885**

    Petitioner,

v.                                             Case No. 2:19-cv-562

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Deandre Johnson's ("Petitioner") *pro se* Petitions for a Writ of Habeas Corpus ("the Petitions") filed pursuant to 28 U.S.C. § 2254, ECF Nos. 3, 27, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 30. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 30, be **GRANTED**, and the Petitions, ECF Nos. 3 and 27, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. PROCEDURAL BACKGROUND

On June 5, 2019, Petitioner was convicted of Strangulation, Rape, Assault and Battery-Family Member, and Unlawful Entry (the "First Convictions") in the Circuit Court of Spotsylvania

County (the "Trial Court"). ECF No. 32, attach. 1 at 1. The Trial Court entered its judgment on November 19, 2019, and sentenced Petitioner to thirteen years and twelve months in prison. *Id.* at 1-2. On April 19, 2019, Petitioner was also convicted of five counts of Protective Order Violations in the Spotsylvania County Circuit Court. He was sentenced to serve sixty (60) months of incarceration with fifty (50) months suspended. *Id.*, attach. 2 at 1-5. Petitioner appealed both of his convictions, and those appeals are presently pending before the Court of Appeals of Virginia. ECF No. 3 at 2; ECF No. 27 at 2; ECF No. 32 at 2.

Petitioner has also filed at least two separate petitions for Writ of Habeas Corpus in the Supreme Court of Virginia.[1] Those petitions are presently pending before the Supreme Court of Virginia. ECF No. 3 at 2; ECF No. 27 at 2.

Petitioner has filed two petitions for habeas relief in this Court. Because the petitions were substantially similar, the Court consolidated the petitions under the primary case number 2:19cv562. *See* ECF No. 26; *Johnson v. Clarke*, 2:20cv54, ECF No. 9 (consolidating Case No. 2:19cv562 with 2:20cv54). While there are many extraneous details in each Petition, the Petitions each derive from Petitioner's convictions in the Trial Court.

While this case has been pending, Petitioner has also filed five Motions for Summary Judgment, ECF Nos. 6, 10, 11, 23 and 28, a Motion for Default Judgement, ECF No. 29, a Motion for Injunctive Relief, ECF No. 39, a Motion for Recusal, ECF No. 35, and a Motion for Certificate of Appealability, ECF No. 38.

Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion

---

[1] Respondent indicates Petitioner has filed three separate petitions for a writ of habeas corpus in the Supreme Court of Virginia (ECF No. 30 at 2), however, Petitioner only appears to list two pending petitions (ECF No. 3 at 2; ECF No. 27 at 2).

to Dismiss, and *Roseboro* Notice.[2] ECF Nos. 30-33. Petitioner filed a response to Respondent's Motion. ECF No. 37. Therefore, the Petitions and Motion to Dismiss are now ripe for recommended disposition.

## II. PETITIONER'S MOTION FOR RECUSAL

The Court starts first with Petitioner's motion that the undersigned recuse from this case. ECF No. 35. Petitioner objects to the undersigned's ruling, ECF No. 26, which granted Respondent's motion to stay briefing on Petitioner's motions for summary judgment. ECF No. 35. While the basis for Petitioner's objection is unclear,[3] disagreement with a Court's ruling is no basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). "Dissatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011). Petitioner's Motion, ECF No. 35, is therefore **DENIED**.

## III. DISPOSITIVE MOTIONS

A. Respondent's Motion to Dismiss

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition. Section 2254 allows a prisoner held in state custody to challenge detention on the grounds that their custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner,

---

[2] Respondent's Answer, Motion to Dismiss, and related briefing was deemed as Respondent's response to all Petitions by the Court's Order on April 13, 2020. ECF No. 26 at 3.

[3] Petitioner mistakenly interpreted Respondent's motion to stay as an objection to his summary judgment motion, and the Court Order granting the stay as a judgment. ECF No. 36 ("1. Johnson sought summary judgment from this court, via 'ECF No. 23' and the Respondent objected via 'ECF No. 25.' 2. Judge Leonard sustained the Respondent's objection in error, and in violation of Fed. R. Civ. P. 56.").

3

however, must exhaust available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997), 522 U.S. 964 (1997)). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), *cert. denied*, 1997 U.S. LEXIS 6894 (1994)). To satisfy the exhaustion requirement, two conditions must be met: (1) the prisoner must seek review of his claim in the highest state court with jurisdiction to consider it through direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); and (2) the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once in the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988); *Wise v. Warden*, 839 F.2d 1030, 1033-34 (4th Cir. 1988); *Daye v. Attorney Gen.*, 696 F.2d 186 (2d Cir. 1982)).

In the instant case, Petitioner has noticed an appeal of his convictions to the Court of Appeals of Virginia. *See* ECF No. 3 at 2 (responding yes when asked "Did you appeal from the judgment of conviction?" and answering "action pending" when asked for Name of Court); ECF No. 27 at 2 (responding yes when asked "Did you appeal from the judgment of conviction?" and answering "action pending" when asked for result). Additionally, Petitioner has sought habeas relief in the Supreme Court of Virginia through Petitions for Writ of Habeas Corpus on November 26, 2019. ECF No. 3 at 2; ECF No. 27 at 2. Petitioner further states that Petitions are pending.

Respondent states Petitioner has filed three separate petitions for writ of habeas corpus in the Supreme Court of Virginia and all are still pending. ECF No. 32 at 2. Although Petitioner is seeking review of his claims in a collateral proceeding, such review is not sufficient to constitute exhaustion of state remedies. Therefore, this Court must decline to reach the merits of the Petition until the state courts have been afforded a full opportunity to consider Petitioner's claims. *Picard v. Connor*, 404 U.S. 270 (1971) (observing that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus"); *Strader v. Allsbrook*, 656 F.2d 67 (4th Cir. 1981) (declining to reach the merits of the state habeas petitioner's claims before affording the state courts full opportunity to consider the petitioner's contentions).

Therefore, the undersigned **FINDS** that Petitioner has not satisfied the exhaustion prerequisite to pursuing federal habeas relief because his claims have not been presented to the highest state court, here, the Supreme Court of Virginia. *See Smith v. Atty. Gen. of Va.*, No. 2:09CV513, 2010 WL 3003514, at *4 (E.D. Va. June 8, 2010), *report and recommendation adopted sub nom. Smith v. Sheriff of City of Richmond*, No. 2:09CV513, 2010 WL 3003449 (E.D. Va. July 29, 2010) ("A petitioner's claims are exhausted if 'both the operative facts and the controlling legal principles' . . . have been presented 'at least once to the highest state court.'") (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997); *Pruett v. Thompson*, 771 F.Supp. 1428, 1436 (E.D.Va.1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993)) (internal citations omitted). "Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings." *Smith*, No. 2:09CV513, 2010 WL 3003514, at *4 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997)). Petitioner is presently pursuing direct appeals of his convictions to the

Court of Appeals and post-conviction proceedings with the Supreme Court of Virginia. Accordingly, a federal court ruling would deny the state court a full and fair opportunity to consider Petitioner's claims. *See O'Sullivan*, 526 U.S. at 845 (explaining that the purpose of the exhaustion doctrine is "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). Therefore, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 30, be **GRANTED**.

B. Petitioner's Outstanding Dispositive Motions

After filing his habeas Petitions, and in many instances before the Court even ordered the Attorney General to respond, Petitioner filed several dispositive motions seeking the same relief sought by means of the habeas petitions. These included: five Motions for Summary Judgment, ECF Nos. 6, 10, 11, 23 and 28,[4] a Motion for Default Judgment, ECF No. 29, and Motion for Injunctive Relief, ECF No. 39. Based on Petitioner's failure to exhaust, as articulated, *supra*, the undersigned **RECOMMENDS** that the Motions for Summary Judgment, ECF Nos. 6, 10, 11, 23, and 28 be **DENIED**, as Petitioner is not entitled to circumvent the requirement that the state court have a full and fair opportunity to consider Petitioner's claims.

Additionally, inasmuch as Respondent's Rule 5 Answer and Motion to Dismiss were timely filed in accordance with this Court's Order directing a response, ECF No. 26, the undersigned **RECOMMENDS** that Petitioner's Motion for Default Judgment, ECF No. 29, be **DENIED**.

In the Motion for Injunctive Relief, ECF No. 39, Petitioner is requesting this Court to act on proceedings from another case before this Court, Case No. 2:20v104, filed pursuant to 42

---

[4] ECF No. 28 is the Motion for Summary Judgment originally filed in Case No. 2:20cv54 (ECF No. 4) and was consolidated with the instant case.

U.S.C. 1983 against a state court prosecutor. Specifically, Petitioner seeks an Order from this Court "to permanently enjoin [the state court prosecutor] and other officers in the 1st Judicial District of Virginia from prosecuting [Petitioner] in bad faith." ECF No. 39 at 2. This request is not proper in the instant case, as the relief sought is not cognizable in a claim for habeas corpus. 28 U.S.C. § 2254. Therefore, the undersigned **RECOMMENDS** that the Motion for Injunctive Relief, ECF No. 39, be **DENIED**.

Finally, in light of what he interpreted to be adverse rulings made and yet-to-be made, Petitioner filed a "28 USC 2253 Request" seeking a certificate of appealability. ECF No. 38. Inasmuch as the procedural basis for dismissal of Petitioner's § 2254 petition is not debatable, the undersigned **RECOMMENDS** that Petitioner's Motion requesting a certificate of appealability, ECF No. 38, be **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

## IV. REMAINING NON-DISPOSITIVE MOTION

Petitioner also filed a Motion for Recommendation, ECF No. 7, in which he seeks a recommendation from the undersigned Magistrate Judge consistent with the judgment sought by him in all filings, pleadings and other memoranda of law. In light of the Court's recommendations in Section III, *supra*, the Motion for Recommendation, ECF No. 7, is **DENIED**.

## V. RECOMMENDATIONS & CONCLUSIONS

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 30, be **GRANTED**; Petitioner's Motions for Summary Judgment, ECF Nos. 6, 10, 11, 23, and 28, be **DENIED**; Petitioner's Motion for Default Judgment, ECF No. 29, be **DENIED**; Petitioner's Motion for certificate of appealability ("28 USC 2253 Request"), ECF No.

38, be **DENIED**; Petitioner's Motion for Injunctive Relief, ECF No. 39, be **DENIED**; and the Petition, ECF No. 3 be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Finally, Petitioner's Motion for Recommendation, ECF No. 7, and Motion for Recusal, ECF No. 35, are **DENIED**.

## VI. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 14, 2020

9